[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10276
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00277-WSD-JFK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO MALDONADO-AVILA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2013)

Before BARKETT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Gilberto Maldonado-Avila appeals his 50-month sentence, imposed after pleading guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Maldonado-Avila argues that his sentence is substantively unreasonable.

However, Maldonado-Avila has not met his burden of showing that his 50-month sentence is substantively unreasonable. First, his sentence is in the middle of the advisory guidelines range of 46 to 57 months and well below the 20-year statutory maximum penalty. The sentence, moreover, met the goals encompassed within 18 U.S.C. § 3553(a). In particular, the district court focused on Maldonado-Avila's criminal history and background, which included prior convictions for DUI (on three separate occasions), giving a false name to a police officer, possession with the intent to distribute cocaine, possession with the intent to distribute methamphetamine, and possession of a firearm during a drug trafficking offense. The district court also relied on the need to deter Maldonado-Avila and other convicted felons from illegally reentering the United States, which is an appropriate consideration under § 3553(a). The district court acknowledged Maldonado-Avila's testimony that he had faced harassment, threats, and assaults from the Federal Police in Mexico, who mistakenly believed he was a member of a drug cartel. The district court concluded, nevertheless, that Maldonado-Avila returned to the United States with full knowledge that he could be punished for

2

reentering the country without permission and that Maldonado-Avila's reentry offense was serious in light of his criminal background, and accordingly, a guidelines sentence was reasonable.

Maldonado-Avila's arguments that the district court did not appropriately consider his mitigating evidence, overrepresented his criminal history, and inappropriately considered general deterrence all represent an overarching contention that the district court inappropriately weighed the § 3553(a) factors. The weight given to any one § 3553(a) factor, however, is within the discretion of the trial court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Because the sentence was supported by the §3553(a) factors, the district court did not commit a clear error of judgment in weighing those factors, and did not abuse its discretion.

**AFFIRMED.**